```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,       )
                                )
     Plaintiff,                 ) Criminal Action No. 07-23-S-JMH
                                )
                                )
v.                              )
                                )   MEMORANDUM OPINION & ORDER
                                )
CHARLES B. "CHUCK" HART,        )
                                )
     Defendant.                 )

              **    **    **    **    **
```

Defendant Charles B. "Chuck" Hart has filed a motion for judgment of acquittal or, in the alternative, a motion for a new trial [Record No. 41], to which the government has responded [Record No. 54]. Hart has also filed a motion for release from custody pending sentencing and appeal [Record No. 43]. The government responded to that motion as well [Record No. 54]. Fully briefed, this matter is ripe for review.

**I.  Hart's Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial**

Hart makes the following assignments of error in his motion: (1) the evidence was insufficient to sustain a conviction on Counts 1, 2, 3, 5, 6, 7 and 8; (2) Tony Charles's testimony was improperly allowed; (3) the testimony of witnesses Andy Fritz and Glenn Johnson was improperly allowed; (4) Audie Banks's testimony was improperly allowed; and(5) the Court failed to properly instruct the jury as to the law of the case. The Court will address each claim in turn.

A.  Sufficiency of the Evidence on Counts 1, 2, 3, 5, 6, 7 and 8

The test for determining the sufficiency of the evidence is whether "a reasonable mind might fairly find guilt beyond a reasonable doubt" from that evidence. *United States v. Holloway*, 731 F.2d 378, 381 (6th Cir. 1984).  In applying this test, the Court must view the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60 (1942). In assessing the sufficiency of the evidence, the Court does not "weigh the evidence, assess the credibility of the witnesses, or substitute [its] judgment for that of the jury." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).

To establish his insufficiency of the evidence claims on Counts 1, 2, 3, 5, 6, 7, and 8, Hart must show that the government failed to prove beyond a reasonable doubt that he committed the elements of the crimes for which he was charged. As to Count 1, to convict for conspiring to violate 18 U.S.C. § 1503(a), the United States had to prove that Hart conspired to endeavor to corruptly influence and impede petit jurors in a trial in a court of the United States.  Count 2 charged Hart with violating 18 U.S.C. § 1503(a).  Along with the other evidence presented by the government on these counts, Hart himself admitted to calling the employer of one of the jurors selected for the trial of *United States of America  v. Donald "Champ" Maze* and inquiring about that juror.  Viewing the evidence on Counts 1 and 2 in the light most

2

favorable to the government, the Court concludes that any rational trier of fact could have found that evidence of Hart's phone call to a petit juror's employer represented an effort to conspire to, and in fact corruptly endeavor to, influence said juror. The jury's apparent skepticism regarding Hart's characterization of the phone call as innocent does not warrant a finding of insufficiency of the evidence.

Count 3 charged Hart with violating 18 U.S.C. § 1512(b)(3), which makes it unlawful to knowingly use corrupt persuasion toward another person with the intent to prevent the communication to a law enforcement officer of information relating to the commission or possible commission of federal offenses. As to Count 3, Hart argues that his "actions" were not material to the then ongoing Maze trial. This argument simply does not make sense, and the Court suspects that Hart has conflated his argument on Count 3 with his arguments on Counts 5 and 6.

Under Counts 5 and 6, Hart was charged with violating 18 U.S.C. § 1001(a)(2) by knowingly and willfully making materially false statements to federal law enforcement agents. Hart contends that his actions were not material to any FBI investigation and that the "matters being sought by the agents were at most trivial details." The jury, however, disagreed. The jury had sufficient evidence in the form of testimony from two FBI agents to make a finding of materiality, a finding that this Court will not disturb.

3

As to Counts 7 and 8, Hart does not present any argument as to the insufficiency of the evidence.

    B.   Improperly Admitted Evidence

        i.   Tony Charles

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Hart argues that the testimony of Tony Charles was so prejudicial as to deny him a fair trial and due process of law. Charles testified that Hart had asked him to contact a prospective juror on his behalf and influence him so that, if selected, he could hang Hart's jury. Hart was charged with tampering with a petit juror in the Maze trial and was alleging that his actions with respect to that juror were misinterpreted. The Court agrees with the government that Charles's testimony was admissible to demonstrate intent and consciousness of guilt. The probative value of his testimony was not outweighed by the danger of unfair prejudice. The Court's admonition in the jury instructions was sufficient to advise the jurors that they should not give this testimony undue weight.

        ii.   Andy Fritz and Glenn Johnson

In his motion for a new trial, Hart contends that the Court erred by allowing Fritz and Johnson to testify as to the statement Johnson made when looking at the jury forms. According to Hart, allowing Fritz to testify that he believed the jury forms were

being used to tamper with the jury was in error because it was not relevant and if it was relevant, it was excludable pursuant to Federal Rule of Evidence 403. The statement's relevance is clear: Fritz removed the jury forms and Johnson placed the forms in a drawer because they believed the forms were being used in an illicit manner. Hart offers no meaningful argument for why the probative value of the statement was substantially outweighed by the danger of unfair prejudice.

   iii. Audie Banks

Hart objects to Banks testifying that once he found out the FBI was investigating jury tampering, he sought to be excused as a juror in the Maze trial. Hart summarizes his argument with respect to Banks in one statement: "Audie Bank's [sic] testimony was couched in such a way as to tell the jury he first saw no significance in the inquiry by defendant but later believed jury tampering had occurred." Claiming that the statement was unduly prejudicial, Hart argues that it gave the impression that he had committed a crime. The statement is relevant because Hart was being charged with jury tampering for calling Banks's employer and inquiring about Banks while he was serving as a juror. Allowing Banks's testimony about how he felt after he learned about Hart's inquiry was proper and was not unduly prejudicial under Rule 403.

 C. Erroneous Jury Instructions

Hart's argument regarding the jury instructions is confined to

one statement: "The instructions tendered by the defendant more clearly set forth the law and should have been given to the jury." Hart submitted thirteen separate instructions. The Sixth Circuit has held that reversal on the basis of improper jury instructions is proper "only if the instructions, when viewed as a whole, were confusing, misleading and prejudicial." *See United States v. Sheffey*, 57 F.3d 1419, 1430 (6th Cir. 1995) (quoting *United States v. Clark*, 988 F.2d 1459, 1468 (6th Cir. 1993)). Reviewing all of the substantive instructions, the Court finds that they clearly and adequately set forth the elements of the crimes charged and "provide[d] the jury with a sound basis in law with which to reach a conclusion." *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000). As a result, the Court denies the motion for a new trial based on Hart's claim of erroneous jury instructions.

**II. Hart's Motion for Release from Custody Pending Sentencing and Appeal**

Hart has moved for release from custody pending his sentence and appeal. The Court is inclined to grant this motion in part. Hart will be released from custody and placed on home detention pending sentencing. To the extent that Hart has moved the Court for release pending appeal, that motion is denied.

Accordingly, **IT IS ORDERED**:

(1) that Defendant's motion for judgment of acquittal, or in the alternative, a new trial [Record No. 41] be, and the same

hereby is, **DENIED**;

(2) that Defendant's motion for release from custody pending sentencing and appeal [Record No. 43] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

    (a) Hart's motion for release pending sentencing be, and the same hereby is, **GRANTED**;

    (b) Hart's motion for release pending appeal be, and the same hereby is, **DENIED**.

This the 16th day of July, 2007.

Signed By:

*Joseph M. Hood* 

United States District Judge