```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5:07-23-JMH |
| v. | ) |
| CHARLES B. "CHUCK" HART, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Charles B. "Chuck" Hart's Motion to Reconsider the Court's Denial of Bond Pending Appeal [Record No. 85]. The United States of America has responded [Record No. 86], objecting to Defendant Hart's Motion. The Court being sufficiently advised, this motion is ripe for consideration.

The Federal Rules of Criminal Procedure do not contemplate a motion for reconsideration. That being the case, the Court will consider the matter using the factors applicable upon a motion under Fed. R. Civ. P. 59(e), which permits the Court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence in civil matters. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (W.D. Ky. 1997). Simply stated, such a motion should not be used for the purpose of relitigating issues already presented before the Court or to "rehash" old arguments. *Id*. The Court will grant relief for said motion under the following circumstances: (1) an intervening change of controlling

law; (2) where evidence not previously available has become available; or (3) when it is necessary to correct a clear error of law or prevent manifest injustice.  *Id*.

In the instant matter, Defendant Hart has not made any allegations regarding a change in the controlling law nor has he come forth with any new evidence that would impact the outcome of this Court's determination to deny bond pending appeal.  Finally, he has not identified any clear errors of law.  The Court is no more persuaded on this round of briefing than on the first that it should apply a less stringent threshhold for the requirement of a "substantial question" than that which has been adopted in the Sixth Circuit.  A presumption exists in favor of detention pending appeal, and the burden is on the appellant to show that the issues present a substantial question, i.e., a "close question or one that could go either way."  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985), quoting *United States v. Powell*, 761 F.2d 122227 (8th Cir. 1985); *United States v. Vance*, 851 F.2d 166 (6th Cir. 1988).  The issue must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985), quoting *United States v. Powell*, 761 F.2d 122227 (8th Cir. 1985).  The issues on appeal have not changed since January 14, 2008, nor has this Court's opinion changed with regard to the denial of bond for Defendant Hart pending his appeal.  Defendant

Hart's motion will be denied.

Accordingly, **IT IS ORDERED** that Defendant Charles B. "Chuck" Hart's Motion to Reconsider the Court's Denial of Bond Pending Appeal [Record No. 85] shall be, and the same hereby is, **DENIED**.

This the 29th day of January, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge